**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


**DUDLEY EARL MYERS,**

        **Petitioner,**

**v.**                                                        **Civil Action No. 1:06cv112**
                                                              **(Judge Keeley)**

**WARDEN JOYCE FRANCIS, FEDERAL**
**CORRECTIONAL INSTITUTION-GILMER,**
**BUREAU OF PRISONS, DEPARTMENT OF**
**JUSTICE, OFFICE OF THE SOLICITOR**
**GENERAL, AND ALBERTO GONZALEZ,**

        **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On July 24, 2006, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant

to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution

challenging the validity of a sentence imposed in the United States District Court for the

Southern District of Texas. The petitioner attacks the validity of his sentence via a § 2241

petition arguing that his prison sentence is void because his Fifth and Sixth Amendment rights

were violated. He further claims that supervised release constitutes double jeopardy when

coupled with imprisonment and that his sentence his void based on the holding in United States

v. Booker, 543 U.S. 2020, 233 (2005).[1]  Finally, he complains that supervised release is not a

---

[1] In Booker, the Court held that the mandatory sentencing guidelines violated a
defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts
which could increase the defendant's sentence beyond the sentence which could be imposed
based on jury fact finding. Additionally, the Court severed the unconstitutional provisions from
the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness
standard of review for sentences on appeal.

Dockets.Justia.com

possible penalty for his criminal conviction.

This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

## I.  Conviction and Sentence

The petition provides only scant information about the procedural history of his underlying federal criminal case.  Therefore, the undersigned has consulted the Court's electronic docketing system -- Pacer -- for further information about the proceedings that took place in that case.  See http://pacer.uspci.uscourts.gov.   From Pacer, the Court has determined the following information with regard to United States v. Myers, 4:03-cr-123(1) (S.D.Tex. 2003).

On June 4, 2003, petitioner pled guilty to one count of bank fraud.  On December 5, 2003, petitioner received a sentence of 51 months imprisonment to be followed by five years supervised release.  On December 12, 2003, petitioner filed a notice of appeal.  Petitioners' conviction and sentence were *per curiam* affirmed by the Fifth Circuit Court of Appeals on September 14, 2004.  Mandate issued January 17, 2005.  Upon review by the United States Supreme Court, petitioners' case was remanded to the Fifth Circuit for further consideration in light of its decision in United States v. Booker, 543 U.S. 2020 (2005).  On remand, the Fifth Circuit found that although the sentencing court plainly erred by calculating the petitioner's sentence based on facts not admitted by the petitioner, the petitioner had failed to establish that his substantial rights were affected by the error because he could not show that the Court would have imposed a lesser sentence under the advisory guidelines.  Thus, petitioners' sentence was reaffirmed.  Petitioner apparently filed another petition for writ of certiorari with the United States Supreme Court because a writ for certiorari was denied on March 6, 2006.  Petitioner

HAS NOT filed a motion to vacate his sentence under 28 U.S.C. § 2255.

## II. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant *has failed to apply for relief, by motion, to the court which sentenced him*, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255.

Here, petitioner has not applied for § 2255 relief in the Court that sentenced him. Moreover, it appears that petitioner's conviction and sentence became final on March 6, 2006, when the Supreme Court denied petitioners' application for writ of certiorari. Therefore, it appears as if petitioner is well within the one-year time limit for applying for § 2255 in the sentencing court and he cannot show that § 2255 is inadequate or ineffective to test the legality of his detention.

## III. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to re-file his claims in the sentencing court under 28 U.S.C. § 2255.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District  Judge.  Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: August 1, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE