IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED
AUG 2 3 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

DUDLEY EARL MYERS,

    Petitioner

v.    //    CIVIL ACTION NO. 1:06CV112
(Judge Keeley)

WARDEN JOYCE FRANCIS, FEDERAL
CORRECTIONAL INSTITUTION-GILMER
BUREAU OF PRISONS, DEPARTMENT OF
JUSTICE, OFFICE OF THE SOLICITOR
GENERAL, AND ALBERTO GONZALEZ,

    Respondents.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING §2241 PETITION

On July 24, 2006, pro se petitioner Dudley Earl Myers ("Myers") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, asserting that the sentence imposed in the United States District Court for the Southern District of Texas violated his Fifth and Sixth Amendment rights and, therefore, was void.

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On August 1, 2006, Magistrate Judge Kaull issued his report and recommendation and recommended that the petition be **DISMISSED WITHOUT PREJUDICE** subject to the petitioner's right to re-file his claims in the sentencing court under 28 U.S.C. § 2255.

The Magistrate Judge determined that the petitioner should

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING §2241 PETITION**

have challenged the federal conviction and sentence in a motion pursuant to 28 U.S.C. § 2255. The Magistrate Judge noted that the basis for a § 2241 motion is to challenge the manner in which a sentence is executed.

Therefore, the Magistrate Judge recommended that, because the petitioner is well within the one-year time limit for applying for a motion pursuant to § 2255 in the sentencing court and he cannot demonstrate that a motion brought under § 2255 would be inadequate or ineffective to address the legality of his detention, the § 2241 motion should be **DISMISSED WITH PREJUDICE** subject to the petitioner's right to re-file his claims in the sentencing court pursuant to 28 U.S.C. § 2255.

The Report and Recommendation also specifically warned that failure to object to the report and recommendation would result in the waiver of any appellate rights on this issue. Myers failed to file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt no. 5) and **ORDERS** the case **DISMISSED WITH PREJUDICE** subject to the petitioner's right to re-file his claims

---

[1] Myers' failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**MYERS V. FRANCIS, ET. AL.**                                    1:06CV112

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING §2241 PETITION**

in the sentencing court pursuant to 28 U.S.C. § 2255.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, and to transmit copies of this Order to counsel of record.

Dated: August __23__, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE